■ In the Matter of NICHOLAS RUBINO, Respondent, against EMPIRE HEATING CORPORATION et al., Appellants.— In a proceeding by a stockholder, pursuant to article 78 of the Civil Practice Act, to inspect corporate books and records, the appeal is from an order denying a motion to resettle a previous order which granted an inspection of the books and records of the appellant corporation. Appeal dismissed, with $10 costs and disbursements. The order is not appealable. (*Bergin* v. *Anderson,* 216 App. Div. 844; *Ambassador Realty Co.* v. *Nicolay,* 1 A D 2d 972; 8 Carmody-Wait on New York Practice, p. 521.) We have examined the merits, however, and would affirm the order appealed from if the appeal were not being dismissed. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ In the Matter of the Adoption of BARBARA J. SERBY by SAMUEL S. MODLIN, Respondent. DAVID SERBY, Appellant.— The father of an infant, from whose mother he has been divorced, appeals from an order of the Surrogate's Court, Queens County, dated June 28, 1956, granting the petition of the second husband of the child's mother to adopt the child without the consent of the appellant, and from an order dated June 27, 1956 denying appellant's motion to set aside the decision of the Surrogate and for other relief. Order dated June 28, 1956 reversed on the law and the facts, with costs, and petition dismissed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. The parents of the infant separated and thereafter, in October, 1947, entered into a separation agreement. The mother obtained a Florida divorce in February, 1948 on grounds other than adultery. Pursuant to the separation agreement and the divorce decree the mother, who had an independent income, assumed entire financial responsibility for the child, with permission to appellant to visit the child once in every three weeks. From the time of the making of the decree the attempts of the father to see his child were resented. He was never allowed to see her alone. He testified that after many visits to the child extending over a period of almost four years he was repeatedly refused permission to see her at all. The mother and her second husband testified that appellant made no attempt to see the child between the latter part of 1951 and April, 1953, when the second husband went on active duty with the armed forces. He remained on active duty for two years, taking his wife and child with him to his various stations. Neither of them disclosed the location of the child to appellant, who was unsuccessful in his independent efforts to ascertain her whereabouts. In 1955, as soon as appellant learned of the return of the second husband from active duty, he renewed his efforts to see his child. He did see, or attempted to see, the child in May, and in June, 1955. In July, 1955 he was refused further visitation and shortly thereafter the instant proceeding was commenced. Appellant cannot be deprived of his parental rights for any but the gravest reasons (*People ex rel. Portnoy* v. *Strasser,* 303 N. Y. 539). Respondent has failed to sustain the burden of establishing an abandonment of the child by appellant within the purview of section 111 of the Domestic Relations Law (*Matter of Bistany,* 239 N. Y. 19; *Matter of Willing,* 271 App. Div. 935, affd. 298 N. Y. 566). Appeal from order dated June 27, 1956 dismissed, without costs, as academic. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.